IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OUIDA M. WALKER                                                                                    PLAINTIFF

vs.                                         Civil No. 4:14-cv-04163

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Ouida Walker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Income Benefits ("DIB") under Title II of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on May 8, 2012.  (Tr. 43).  In her application, Plaintiff claims to be disabled due to migraines and small strokes.  (Tr. 165).  Plaintiff alleged an onset date of May 1, 2012. (Tr. 43).  This application was denied initially and again upon reconsideration.  (Tr. 81-82).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

request was granted. (Tr. 89, 91). Plaintiff's hearing was held on September 3, 2013. (Tr. 63-80). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff testified at the hearing. *Id.* As of the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 66). Plaintiff also testified at this hearing that she had graduated from high school. *Id.*

On October 22, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 43-51). In this decision, the ALJ determined the Plaintiff last met the insured status of the Act on December 31, 2012. (Tr. 45, Finding1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2012 through her date last insured of December 31, 2012. (Tr. 45, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: migraines, obesity, and history of cerebrovascular accident. (Tr. 45, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 45, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 46-50). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work. (Tr. 46, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was able to perform her PRW as a cashier. (Tr. 50, Finding 6). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her onset date of May 1, 2012 through the date last insured of December 31, 2012. (Tr. 51, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 39). On November 25, 2014, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On December 18, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 18, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in assessing whether Plaintiff met a Listing; (2) the ALJ improperly evaluated her severe impairments; (3) the ALJ's RFC determination is inconsistent with the evidence in the record; (4) the ALJ improperly discredited Plaintiff's treating physician; and (5) the ALJ erred by not having a Vocational Expert at the hearing.

ECF No. 10 at 3-17. Because the Court finds the ALJ erred by incorrectly assessing her impairments under the wrong Listing, the Court will only address Plaintiff's first argument for reversal.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included migraines, obesity, and history of cerebrovascular accident. (Tr. 45, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 45, Finding 4).

In this matter, the ALJ assessed Plaintiff's impairments under Listing 4.04, which contains the criteria for ischemic heart disease. There is no argument this was done in error and Defendant concedes there is no indication in Plaintiff's medical history that she had any problems with her heart, or that any physician diagnosed Plaintiff with symptoms of heart disease.

The ALJ should have evaluated whether Plaintiff met Listing 11.04 for disability due to central nervous system vascular accident. Because the ALJ failed to do so, this matter is incapable of judicial review and must be remanded for evaluation of Plaintiff's claims under the correct Listing

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of January 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE